# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JAMES C. GARDNER | : | NO. CR203-025-01 |

### O R D E R

Upon consideration of the letter written by Defendant requesting the Court to <u>nunc pro tunc</u> his imprisonment sentence for the period of November 12, 2003, through March 23, 2004, and the response by the Government, Defendant's request is hereby **DENIED**.

SO ORDERED, this 3rd day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### PROBATION OFFICE

**RICHARD A. LONG**
CHIEF PROBATION OFFICER

P. O. BOX 8165
SAVANNAH 31412

PHONE: 912-650-4150
FAX: 912-650-4148



AUGUSTA 30903
P. O. BOX 760
PHONE: 706-849-4150
FAX: 706-849-4449

BRUNSWICK 31521
P. O. BOX 978
PHONE: 912-280-1290
FAX: 912-280-1349

STATESBORO 30459
P. O. BOX 1179
PHONE: 912-764-8876
FAX: 912-764-9446

# MEMORANDUM

DATE:   June 3, 2005

TO:     Honorable Anthony A. Alaimo
        Judge, U.S. District Court

FROM:   Philip J. Lyons
        U.S. Probation Officer

RE:     GARDNER, James C.
        CR203-00025-001
        Brunswick Division
        Represented by: James Allen Chamberlin

This memorandum is in response to the aforementioned individual's request to have his federal sentence nunc pro tunc for the period of November 12, 2003, through March 23, 2004. After reviewing the defendant's letter and the law cited by the defendant, it is the probation officer's position that Gardner's request be denied.

On November 22, 2002, the defendant was arrested by state authorities for conduct related to the instant offense. On March 11, 2002, he was turned over to state authorities in McIntosh County, Georgia, on an unrelated matter. On this date, the offender was transferred to the Georgia Department of Corrections to begin serving a two-year imprisonment sentence in an unrelated state matter. On June 4, 2003, he appeared in federal court via a writ. He was ordered detained and returned to state custody. On November 4, 2003, based on the defendant's allegations that he was not receiving proper medical treatment, the Court ordered that he undergo a complete medical evaluation.

Although the defendant was in the custody of the U.S. Marshals Service, he received credit on his state imprisonment sentence. As such, the defendant is not entitled to have his federal sentence credited as he has requested. Based on the aforementioned, it is the probation officer's position that the defendant's request be denied.

If you have any questions or are in need of further information, please advise.

PJL/ra

TO: THE HONORABLE; ANTHONY A. ALAIMO
UNITED STATES DISTRICT JUDGE
FOR THE SOUTHERN DISTRICT OF GEORGIA
    BRUNSWICK DIVISION
    MOTION FOR
CREDIT FOR PRIOR CUSTODY TIME

**RECEIVED**
BRUNSWICK
MAY 2 3 2005
By _____
U.S. PROBATION OFFICE
SOUTHERN GEORGIA

RE: CASE NO. CR203-00025-001

Dear Sir,

My name is James Charles Gardner, Jr., I'm presently housed at The Federal Medical Center, Devens here in Ayer, MA.

I am writting to you in regards to the time that I spent in official detention prior to the date of my sentencing on 3-23-04.

During the preliminary proceeding going before The Honorable; judge, James E. Graham, I was held officially six (6) days in the Glynn County Detention Center in Brunswick, GA in the custody of the U.S. Marshals.

On 11-12-03 I was transferred to Columbia Care Center, 7901 Farrow Rd. Columbia, SC 29203 on an order by the court to have a medical evaluation completed by the executive medical administrator Dr. W. Miles in the official custody of ~~the U.S. marshals from the~~ Above date of 11-12-03, until 3-23-04, which is the date you imposed the sentence of 37 months imprisonment, and 3 years supervised release, and a $100.00 Felony Assessment Fee.

Prior to 3-23-04 a detainer was placed against me by the

conclusion of the state imposed sentence, and thereby release me to the proper Federal Authorities, but instead, I was officially, Federally sentenced 9 months, and 26 days prior to commencing service of the Federal imposed sentence, and held in official detention until 1-26-05.

## SUPPORTIVE CASE LAW IN SUPPORT OF RELIEF

SENTENCES 18 § 3585. Calculation of a Term of imprisonment

(A) Commencement of Sentence.— A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served.

(B) Credit for prior custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

state prisoners now serving their consecutive Federal sentences may receive credit on their Federal sentences for the entire portion of their previous state custody.

In other words, a prisoner who first serves a state sentence and then a consecutive Federal sentence may, long after sentencing have them credited in such a way as to make Federal concurrent with the state sentence.

This is done by <u>NUNC PRO TUNC DESIGNATION</u> of the state facility where the state sentence was served as the place for service of the Federal sentence.

There are many people now serving sentences twice as long as necessary simply because they do not understand this concept.

See case of Barden v. Keohane, <u>921 F.2d 476</u>. See also 18 U.S.C. § 3585 and 18 U.S.C. § 3621.

Respectfully submitted this 17th day of May, 2005

James Charles Gardner, Jr.
*James Charles Gardner Jr.*